UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eric C. Gamble, | ) | Civil Action No. 4:06-1638-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Milliken and Company, a corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's motion for partial dismissal of plaintiff's claims.[1]

Plaintiff lodged his Charge of Discrimination with the EEOC on or about September 8, 2005. His charge reads as follows:

> I. Personal Harm: I was discharged on February 8, 2005.
>
> II. Respondent's Reasons for Adverse Action: I was told that I had threatened some employees.
>
> III. Complainant's Contentions: I contend that the reason given for my discharge is a pretext because I did not threaten anyone. Instead, management acted on hearsay and discharged me. A similarly situated white employee was involved in an incident, but he was not fired. I was not given a fair opportunity to address the allegations against me, but I was fired instead. Other black employees have also been discharged while white employees who did the same thing were warned about it and not discharged. IV. I therefore believe that I have been discriminated against because of my race (black), in violation of the South Carolina Human Affairs Law, as amended, and Title VII of the US Civil Rights Act of 1964, as amended.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

In the section where he designates the basis of the discrimination, he checked the box indicating race and designated February 8, 2005, as the date the discrimination took place.

After receiving his right to sue letter from the EEOC, plaintiff initiated this action by complaint filed May 30, 2006. From a review of plaintiff's complaint, it appears that he alleges the following causes of action:[2]

    1. Violation of 42 U.S.C. §1981 based on race;

    2. Race discrimination in violation of the South Carolina Human Affairs Laws, S.C. Code §1-13-80(a)(1);

    3. Race, sex and gender discrimination in violation of the South Carolina Human Affairs Laws, S.C. Code §1-13-80(a)(1);

    4. Race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1);

    5. Sex and gender discrimination in violation of Title VII of the Civil Rights Act of 1964;

    6. State law claim for breach of contract;

    7. State law claim for Negligent Infliction of Emotional Distress;

    8. State law claim for negligent infliction of "severe physical distress and injury";

    9. State law claim for negligent infliction of "severe mental anguish";

    10. State law claim for defamation.

In its motion defendant seeks dismissal of plaintiff's claims brought pursuant to Title VII, except his claim for disparate treatment based on race arising out of the termination of his

---

[2] Plaintiff's complaint is divided into various sections. Section VI sets forth the causes of action. Section V sets forth the factual allegations which are incorporated into the various causes of action set forth in Section VI.

employment on February 8, 2005. Specifically, defendant seeks dismissal of plaintiff's Title VII claims

>(1) based on sex discrimination;
>
>(2) based on gender discrimination;
>
>(3) his Title VII claim for failure to promote; and
>
>(4) his Title VII claim for failure to invite him to management training school to become a manager.

**Exhaustion Requirement**

Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). The EEOC charge defines the scope of the plaintiff's right to institute a civil suit. Id. "An administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Chisholm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981). Therefore, only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. Chacko v. Patuxent, 429 F.3d 505, 506(plaintiff fails to exhaust where administrative charge reference different time frames, actors, and discriminatory conduct that factual allegations in formal lawsuit); Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) (sexual harassment and discriminatory pay and benefits claims dismissed because EEOC charge alleged only a failure to promote); Dennis v. County of Fairfax, 55 F.3d 151, 156-57 (4th Cir. 1995)

(hiring, promotion, and training discrimination claims dismissed where EEOC charge alleged only discriminatory discipline).

Because plaintiff did not file an EEOC charge raising a claim based on gender or sex, such claims are not properly before the court and should be dismissed. See <u>Evans v. Technologies Applications & Service Commission</u>, 80 F.3d 954 (4th Cir. 1996). Likewise, because plaintiff's claims for failure to promote and failure to invite him to a management training school could not reasonably be expected to follow his charge of race discrimination based upon the termination of his employment on February 8, 2005, relating to alleged threats he made toward another employee, such claims should be dismissed as well.

For the foregoing reasons, it is recommended that defendant's motion for partial dismissal of plaintiff's complaint be granted.

February 12, 2007                                          s/Thomas E. Rogers, III
Florence, South Carolina                              Thomas E. Rogers, III
                                                                      United States Magistrate Judge

**The parties' attention is directed to the important notice contained on the following page(s).**

-4-