IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eric C. Gamble, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 4:06-1638 |
| ) | |
| Milliken and Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

# ORDER

Plaintiff Eric Gamble ("Gamble") filed his complaint in this matter on May 30, 2006 against Defendant Milliken and Company ("Milliken"). (Doc. #1). On June 28, 2006, Milliken filed the pending partial motion to dismiss for lack of subject matter jurisdiction. (Doc. #11). Gamble responded to the motion on July 17, 2006. (Doc. #16). Milliken filed its reply on July 27, 2006. (Doc. #18). On February 12, 2007, United States Magistrate Judge Thomas E. Rogers, III, to whom this matter had previously been assigned, filed a Report and Recommendation ("the Report") in this case. (Doc. #30). In the Report, the Magistrate Judge recommends that Milliken's motion be granted. Id. Specifically, the Magistrate Judge writes, "[b]ecuase plaintiff did not file an EEOC charge raising a claim based on gender or sex, such claims are not properly before the court and should be dismissed." Id. The Report continues, "because plaintiff's claims for failure to promote and failure to invite him to management training school could not reasonably be expected to follow his charge of race discrimination based upon the termination of his employment on February 8, 2005, relating to alleged threats he made toward another employee, such claims should be dismissed as

1

well." Id.  Gamble filed objections to the Report.  (Doc. #31).  Milliken filed a response to Gamble's objections.  (Doc. #34).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed the Report.  After careful review of the Report, the objections filed by each party, and the memoranda, case law, and exhibits filed in this case, the Court elects to accept the Report. (Doc. #30).  Therefore, for the reasons articulated by the Magistrate Judge, Milliken's partial motion to dismiss for lack of jurisdiction is **GRANTED**. (Doc. #11).  Accordingly, Gamble's claims for sex and gender discrimination and his claims for failure to promote and invite him to a management training school are dismissed from this action.  While the objections filed by Gamble state the Magistrate Judge "dismissed Plaintiff's race discrimination claim," this claim, brought pursuant to Title VII of the Civil Rights Act of 1964, for disparate treatment based on race arising out of Gamble's termination, is not dismissed and remains viable.

**IT IS SO ORDERED**.

                                                  S/ Terry L. Wooten

                                                  Terry L. Wooten
                                                  United States District Judge

March 13, 2007
Florence, South Carolina